UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| JAMIE M. FERREIRA<br>          **Plaintiff**<br><br>V.<br><br>**PLYMOUTH COUNTY SHERIFF'S DEPARTMENT**<br>          **Defendant** |

## COMPLAINT

Plaintiff, Jamie M. Ferreira, by this action against the Plymouth County Sheriff's Department, seeks judgments for damages for violations of Plaintiff's civil right to medical care, including surgery and medications

## PARTIES

1. Plaintiff, Jamie M. Ferreira (w109724) is an individual who is presently an inmate in the minimum security facility at Old Colony Correctional Center, 1 Administration Road, Bridgewater, Massachusetts 02324.

2. Defendant, Plymouth County Sheriff's Department is an entity location at 24 Long Pond Road, Plymouth, MA. 02360

## JURISDICTION

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. @1332

## **FACTS**

4. On May 4, 2017, the Plaintiff was convicted and became an inmate at the Plymouth County Correctional Facility in Plymouth MA.

5. Shortly thereafter, the Plaintiff's mother, Mary Ellen Ferreira, received a phone call from Urologist, Dr. Craig Gillard inquiring as to why Plaintiff had not returned to BID Plymouth for follow up care, including a surgical procedure.

6. As Dr. Gillard could not go into specifics due to HIPA, Mrs. Ferreira obtained copies of Plaintiff's discharge documents.

7. As the documents showed that Plaintiff had been discharged with a Concussion, a UTI, left hydronephrosis, hydroureter and ureteral stent and HIPA prevented her from getting information regarding Plaintiff's medical condition, Mrs. Ferreira contacted Attorney Rosemary Scappichio, who had been retained by Plaintiff's family to attend the sentencing hearing, file a notice of appeal and a possible motion for a new trial and told her about Dr. Gillard's call.

8. As Ms. Scapicchio did nothing, Plaintiff's mother arranged with another attorney to obtain Plaintiff's Durable Power of Attorney,

9. With the Durable Power of Attorney, Mrs. Ferreira, with the assistance of a third attorney obtained certified copies of Plaintiff's official medical records.

10. In the records was a note written by Dr. Gillard which confirmed his call to Mrs. Ferreira and his hospitals attempt to locate the Plaintiff and arrange for medical treatment.

11. As Gillard's note indicated that he had contacted the administration department of BID Plymouth, Mrs. Ferreira made several inquiries to locate the individual Dr.Gillard had contacted at BID.

12. Mr. Ferreira then met with Mr. David Polanik, the Risk Manager for BID Plymouth who informed Mrs. Ferreira that on May 19. 2017, as Plaintiff was in custody of PCCF, contacted Ms. Jeanne Welch, who was the Director of Health Services who assured Mr. Polanik that she would address his concern and follow up as indicated.

13. As Mrs. Ferreira was unable to obtain any information from Chief Marc Duphily, who was in charge of Plaintiff's custody during his brief hospital stay, and who repeatedly denied that Officer Joseph Ritz and Officer William Kelly were the officers who had arrested, cuffed and shackled Plaintiff upon his discharge and taken possession of his medical discharge documents which included Plaintiff's written prescriptions and orders to return to the hospital for surgery, Mr. Ferreira contacted Mr. Polanik and requested verification of their earlier meeting.

14. On February 1, 2018, Mrs. Ferreira received a letter from Mr. Polanik, memorializing their meeting and his attempt to arrange medical services for Plaintiff

15. The Plaintiff believes and herein states that if Ms. Welch had followed up with BID, Plaintiff would have received the documented medical treatment he needed and would not have had to endure the consequences of Plymouth County Sheriff's Department non action.

## COUNT I

### Deprivation of Civil Rights - 42 USC @1983
### against the Plymouth County Sheriff's Department

Plaintiff incorporates the preceding paragraphs by reference herein.

16. On May 19, 2017, the Department of Health Services at the Plymouth County Sheriff's Department was contacted by Mr. David Polanik, Manager of the Risk Management Department of BID Plymouth, regarding Dr. Craig Gillard's request to arrange medical services for Plaintiff, Jamie M. Ferreira

17. Although Ms. Welch, Director of Health Services, assured Mr. Polanik that she would follow up on the hospitals request, she failed to do so.

18. Ms. Welch's failure resulted in the Plaintiff enduring unnecessary pain and suffering.

19. The Defendant's indifference deprived Plaintiff of his Constitutional Right.

20. As a result of the nature of the Defendant's conduct, Plaintiff is entitled to recover punitive damages against the Defendant..

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief

1. Actual and compensatory damages sufficient to make him whole, including future medical expenses and Attorney fees and costs post -conviction.

2. Non-economic damages for pain suffering and emotional duress suffered as a result of Defendants indifference.

3. Attorney's fees, litigation expenses, costs , pre-and post-judgment plus interest as provided by law if an attorney is retained in the matter;

4.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff demands a trial by Jury.**

Respectfully submitted,

*/s/ Jamie M. Ferreira*
Jamie M. Ferreira  Pro Se
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA.

**Certification:**

By signing below, I certify to the best of my knowledge, information and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying or reversing existing law' (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and (4) the complaint otherwise complies with the requirements of Rule 11.

Please send all case-related documents to my mother, Mrs. Mary Ellen Ferreira, at the address listed below, as she has prepared this Complaint for me and is signing this under a Durable Power of Attorney, a copy of which is included.

Dated   May____18th_____2020

Respectfully submitted,

*/s/ Jamie M. Ferreira*
Jamie M. Ferreira  Pro Se
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA.  02324

Signed by

*Mary Ellen Ferreira*

Mary Ellen Ferreira  under a
Durable Power of Attorney
PO Box  428
2 Meetinghouse Road
Carver, MA.  02330
Phone: 508-465-0061
Cell:  774-404-0069